UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT ASHLAND
CRIMINAL ACTION NO. 10-1-DLB-JGW-2
CIVIL ACTION NO. 12-7231-DLB

UNITED STATES OF AMERICA                                    PLAINTIFF

V.

DWAYNE BAXTER                                               DEFENDANT

REPORT AND RECOMMENDATION

On August 6, 2012, defendant Dwayne Baxter filed a *pro se* motion pursuant to 28 U.S.C. §2255 to vacate or set aside his federal conviction and sentence. Doc. 81. The United States filed a motion to dismiss. Doc. 83. Having considered the record and applicable law, I recommend that the motion to dismiss the §2255 motion be granted.

I.  Factual and Procedural History

On April 12, 2010, pursuant to a plea agreement, defendant pleaded guilty to one count of conspiracy to distribute oxycodone. Doc. 26. Section seven of the plea agreement, which defendant signed, provided that "[t]he Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and any sentence below or within the advisory Guideline range as finally determined by the Court." Doc. 28, p. 3. During the rearraignment, the United States orally summarized section seven of the plea agreement as stating that defendant and his co-defendant "waive the right to appeal and the right to collaterally attack the guilty plea, conviction and any sentence below or within the advisory guideline range as determined by the Court." Doc. 66, p. 21. Following the oral recitation of the key terms of the plea agreement by the United States, Judge Bunning asked defendant if the oral summation was

1

defendant's "understanding of the written plea agreement you have?" *Id.* at p. 22. Defendant replied, "[y]es, sir." *Id.*   Judge Bunning later stated to defendant and his co-defendant that "[b]oth you and the United States generally retain certain rights to appeal. But in each of your plea agreements at paragraph 7, it provides you have waived the right to appeal and the right to attack collaterally the guilty plea, conviction and any sentence below or within the advisory guideline range as finally determined by the Court. Have you discussed the waivers in paragraph 7 with your attorneys?" *Id.* at p. 36. Defendant responsed, "[y]es, sir." *Id.*

The following important colloquy then occurred:

> THE COURT: You're also giving up your right to attack collaterally the guilty plea, conviction and any sentence below or within the guideline range. That is a separate right you may have under some limited circumstances to file a separate lawsuit challenging your conviction and sentence based upon some alleged constitutional violation. Do you each understand you're giving up that right by way of this plea agreement?
> DEFENDANT CLICK: Yes, sir.
> DEFENDANT BAXTER: Yes, sir.
> THE COURT: After advising you of the rights you give up in paragraph 7, is it your intention to give up those rights?
> DEFENDANT BAXTER: Yes, sir.
> DEFENDANT CLICK: Yes, sir.
> THE COURT: After discussing the waivers in paragraph 7 with Miss Click and Mr. Baxter, the Court finds that the waivers are knowing and voluntary and that they understand the consequences of both.

*Id.* at p. 37.

On August 2, 2010 defendant was sentenced to 188 months' imprisonment. Doc. 41. One week later, the United States filed a motion to correct sentence, arguing that defendant should be resentenced due to an error in the calculation of the applicable guideline range. Doc. 47. Defendant also filed a similar motion. Doc. 49. Judge Bunning issued a virtual order (i.e., gavel grant) granting the motions to set aside the prior sentence on August 10, 2010. Doc. 50.

That same day, defendant filed a pro se document styled motion for direct appeal of sentence. Doc. 51.  A case number was issued by the Sixth Circuit Court of Appeals on August 13, 2010.

On August 16, 2010 defendant was resentenced.  At that time, the Court concluded that it had erred when it originally sentenced defendant as a career offender.  Doc. 57, p. 2-3.  During the resentencing hearing, the following relevant colloquy occurred:

> THE COURT: All right.   Now, one thing that I have looked at in anticipation for this hearing is the issue of jurisdiction.  The Defendant has filed a notice of appeal, which ordinarily would divest this court of jurisdiction.  A Rule 35(a) motion is designed to correct a clear error of law or a technical error.  This is certainly more than a technical error, in my view.  It's my intention to reduce the Defendant's sentence pursuant to Rule 35 because I made an error of law in the prior sentencing 14 days ago.  But we have a notice of appeal [that] has been filed.
>
> My suggestion would be–and I know you weren't very happy with what the Court ruled last time, Mr. Baxter; and you certainly have a right to disagree with what the Court determined when we were here the last time–but my suggestion would be for the Defendant to withdraw his notice of appeal, allow the Court to correct the clear error of law, allow me to enter an amended judgment. *And then if you wish to take an appeal from that amended judgment, you can do that.*  I take it from a judicial resource standpoint it doesn't make a whole lot of sense for me to find that– or for the Circuit to say yes, you made this error, correct it when I can correct it now while everyone is here.  Mr. Warnock [counsel for defendant], have you had any discussions with Mr. Baxter about that?
>
> MR. WARNOCK: I have not.  If I could have just a second.
>
> THE COURT: That's fine.
>
> MR. WARNOCK:   Your Honor, in speaking with my client, I have warned him by withdrawing the appeal, which he's saying he wants to do, that he will be able to if he has the issues with this new amended judgment, he still has the right.  He's not giving up any of those rights that he had prior and that --
>
> THE COURT: No.  You're not at all, Mr. Baxter.  *In fact, the time for you to take an appeal really hasn't even run from the last judgment because I entered the judgment, I think, on Wednesday.  And you would have until Wednes–this Wednesday to appeal the prior judgment.  But that prior judgment–when I enter the amended judgment, you'll have 14 days from the filing of the amended judgment to file the appeal.*  But just to be completely safe, if you wish to take an appeal, I will direct the clerk as soon as the amended judgment is entered to enter a notice of appeal on your behalf if you wish to do that.  That way we don't run into any problems.
>
> THE DEFENDANT: May I have permission to speak?

3

THE COURT: Sure.

THE DEFENDANT: The reason I really appealed was because of that situation.  So I'll withdraw my appeal today.  You're correcting the case so we can proceed.

***

THE COURT: Given what you've told me earlier, Mr. Baxter, I'm not going to order a notice of appeal be filed on your behalf.  *You will have 14 days from the entry of the judgment to take an appeal if you wish from the amended judgment.*  If you do not qualify or if you can't afford your own attorney, which I know you haven't been able to, you have the right to have an attorney appointed for you on–to prosecute the appeal for you.  But I'm–is it correct that you don't want me to have the clerk file a notice of appeal after the amended judgment is entered?  Is that correct?

THE DEFENDANT: Well–

MR. WARNOCK: Your Honor, I think the one thing he–he expressed to me is in the original order, he had certain objections to his prior sentence on some other issues.

THE COURT: Okay.  Well, I'll tell you what we'll do.  I will –

MR. WARNOCK: I just don't want the door to be closed.

THE COURT: No, it won't.  It won't.  I'm just–it's not going to be closed.  He'll just have to file it himself then.  He'll have 14 days to consider it, and he can file it.  And then we'll go from there.  But I won't direct the clerk to file it on his behalf.

Doc. 57, p. 4-6, 8-9 (emphasis added).  Defendant was resentenced to 120 months' imprisonment, the lowest sentence within the amended guideline range.[1]  Doc. 54.  Defendant appealed that sentence to the Sixth Circuit.  Doc. 58.

In September 2010, the Sixth Circuit dismissed defendant's original appeal for lack of jurisdiction due to the entry of an amended judgment.  Doc. 62.  On August 18, 2011, the Sixth Circuit granted the United States' motion to dismiss defendant's appeal from the amended judgment.  Doc. 72.  Though the plea agreement's waiver provision was not mentioned at the resentencing, the Sixth Circuit noted that:

-----

[1]It is unclear why neither defense counsel nor the United States reminded the Court that defendant had waived his right to file an appeal.

4

The record demonstrates that Baxter understood the waiver contained in the plea agreement and consented to it voluntarily, and that the plea was taken in compliance with Federal Rule of Criminal Procedure 11.  The only remaining question is whether Baxter's appeal relates to an issue he validly agreed not to appeal. It is "well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (internal quotation marks omitted).

In his written plea agreement, Baxter waived "the right to appeal and the right to attack collaterally the guilty plea, conviction, and any sentence below or within the advisory Guideline range as finally determined by the Court." He claims, however, that the appellate-waiver provision is  inapplicable  because  he was not allowed at sentencing to fully argue his objections to the presentence investigation report ("PSR").  Because of the district court's error, Baxter alleges, his base offense level was incorrectly calculated.

Assuming for the sake of argument that Baxter was, in fact, not allowed to fully argue his objections, the language of the appellate waiver forbids him from appealing on that basis.  Baxter did not merely waive his right to appeal a sentence within the guidelines, he waived the right to appeal a sentence below or within the guideline range as determined by the district court.  Such a waiver forecloses an appeal on the ground that the district court miscalculated the guideline range.  Baxter's 120-month sentence was within the advisory Guideline range of 120 to 150 months as finally determined  by the district court when Baxter was re-sentenced  on  August 16, 2010.  Therefore, the appeal waiver's text applies to Baxter's sentence, and will be enforced.

Doc. 72, p. 2-3.  The Sixth Circuit also held that the waiver provision would be enforced despite "the fact that the district court erroneously informed Baxter that he had the right to appeal after he was resentenced."  *Id.* at p. 3.  Finally, the Sixth Circuit declined to consider defendant's ineffective assistance of counsel claim.  *Id.*

Defendant signed the pending §2255 motion in late July 2012 and the motion was filed by the Clerk on August 6, 2012.  Doc. 81.  The motion to dismiss was also filed in August 2012.

## II.  Analysis

### A.  Issues Raised By Defendant

Defendant raises three inter-related arguments.  First, he contends that "[t]he Guilty Plea Waiver Was not Knowing, Intelligent, And Voluntary."  Doc. 81-1, p. 2.  Second, he contends

5

his counsel was ineffective for failing to "ask the Court to consider petitioner's objections to the P.S.I. report['s drug amount, along with the double counting of criminal history points for a prior conviction at defendant's Rule 35(a) hearing." *Id.* at p. 11. Finally, defendant contends that his "Criminal History Was Overstated[;] The District Court Erred In Double Counting Points." *Id.* at p. 15.

### B. Defendant Knowingly and Voluntarily Waived His Right to File a §2255 Petition

The previously quoted transcript of the April 12, 2010 rearraignment clearly demonstrates that defendant was aware of all relevant portions of the plea agreement, including the waiver clause. Indeed, the Sixth Circuit dismissed defendant's appeal from his resentencing because the court concluded that the waiver provision of the plea agreement is enforceable. Doc. 72.

The plea agreement accordingly should be enforced because the record compels a conclusion that defendant knowingly and voluntarily waived his right to collaterally attack his guilty plea, conviction and sentence. *See, e.g., United States v. Thompson*, 2009 WL 1917073, at *1 (W.D.Ky. July 1, 2009) ("A valid plea agreement which contains a waiver of the right to seek collateral relief will bar such action, including a § 2255 motion attacking a conviction, sentence, or plea. *See Davila v. United States*, 258 F.3d 448, 450–51 (6th Cir.2001) . . . ."). Any erroneous statements by the Court regarding the scope of the waiver has no impact on the enforceability of a waiver provision. *See, e.g., United States v. Fleming*, 239 F.3d 761 (6th Cir. 2005) (court's erroneous admonition regarding right to appeal did not affect validity of waiver of appeal rights in plea agreement). Accordingly, defendant's third argument regarding a claim that the district court erred in computing his criminal history is waived and, consequently, should be

dismissed.  Likewise, defendant's first argument, that the waiver provision of the plea agreement is somehow invalid, should be dismissed.[2]

The only remaining claim is defendant's contention that his second attorney was ineffective for failing to "ask the Court to consider petitioner's objections to the P.S.I. report['] s drug amount, along with the double counting of criminal history points for a prior conviction at defendant's Rule 35(a) hearing."  Doc. 81-1, p. 11.  The Sixth Circuit has held that "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel . . . it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself."  *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).   However, not every allegation of ineffective assistance of counsel serves to bar the application of an otherwise valid waiver.  *See, e.g., United States v. Ramirez-Hernandez*, 2012 WL 1940681, at *3 , n.8 (E.D.Ky. April 16, 2012) ("*Acosta*, of course, places logical limits on enforcement.  If a waiver or guilty plea results from ineffective assistance or is unknowing/involuntary, *Acosta* would not enforce.  *In re Acosta*, 480 F.3d at 422 n. 1. Ramirez–Hernandez in no way impugns the waiver itself, and the ineffective assistance arguments Movant raises do not preclude enforcement.  Defendant does not contend that he

_____

[2]In his reply brief, defendant attempts to refine his claim by arguing that his  "APPEAL WAIVER became unknowing, unintelligent and involuntary after his Rule 35 hearing."  Doc. 84, p. 2.  However, the Sixth Circuit has made plain that any erroneous oral statements by a judge regarding a defendant's right to appeal do not undermine the applicability and validity of waiver provisions in plea agreements.  *Fleming*, 239 F.3d 761.  Moreover, the Sixth Circuit has already held that the appeal waiver provision is enforceable.  Defendant's argument to the contrary is completely without merit.  Likewise, the waiver of the right to collaterally attack the conviction or sentence should also be enforced as it would be illogical to enforce only one clause of the waiver provision.

failed to understand the waiver, and he does not criticize counsel for negotiating the waiver.").

Defendant's ineffective assistance of counsel claim relates only to counsel's failure to argue for a reduction in defendant's sentence and in no way does the argument involve the validity (i.e., knowing and voluntary nature) of the waiver provision.  Accordingly, though the argument is couched in ineffective assistance of counsel terms, it is clearly barred by the waiver provision of the plea agreement.

### III.  Conclusion

For the foregoing reasons, it is **RECOMMENDED**:

The motion by the United States to dismiss Dwayne Baxter's petition for habeas corpus [Doc. 83] should be **granted** and the petition [Doc. 81] should be **dismissed**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived.  Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within fourteen days of being served with a copy of those objections.  Fed. R. Civ. P. 72(b)(2).

This the 30th day of November, 2012.

Signed By:

**J. Gregory Wehrman**

**United States Magistrate Judge**